### HICKS v. HICKS.

Civ. A. No. 10220.

United States District Court
District of Columbia.

June 21, 1941.

---

[1] Prior to revision Sept. 1, 1948.

220

W. Cameron Burton and Thomas B. Heffelfinger, both of Washington, D. C., for plaintiff.

Norman E. Sill, of Washington, D. C., for defendant.

MORRIS, District Judge.

■ The plaintiff seeks maintenance and custody of a child in an action against the defendant husband. The plaintiff alleges that she is a resident of the State of West Virginia, and that the defendant is a resident of the District of Columbia. In the answer the defendant states that he is without knowledge or information sufficient to form a belief as to plaintiff's claim of residence of the State of West Virginia. He admits that he is a resident of the District of Columbia. In a cross-claim filed by the defendant against the plaintiff, in which an absolute divorce is sought on the ground of cruelty and desertion, he alleges that he has been a resident of the District of Columbia for more than two years. The answer to that cross-claim denies that the husband has been a bona fide resident of the District of Columbia for more than two years prior to the filing of the cross-claim, and avers that he is a duly registered and qualified voter of the State of West Virginia, having voted in West Virginia by absent voters' ballot, both in the primary and general elections in the years 1936, 1938 and 1940. The matter is now before the Court on a motion for summary judgment on the cross-claim in favor of the cross-defendant upon the ground that there is no genuine issue as to any material fact. The motion is supported by an affidavit of the Clerk of the County Court of Cabell County, Huntington, West Virginia, to the effect that the cross-plaintiff, Mr. L. C. Hicks, is a duly registered and qualified voter of the State of West Virginia, having registered and voted by absent voters' ballot, both in the primary and general elections in the years 1936, 1938 and 1940, giving his Huntington, West Virginia, address as 2854 Overlook Drive, and his address in Washington, D. C., as 767 Tenth Street, S. E. The public statutes of West Virginia, of which the Court takes judicial notice, requires persons who register as qualified voters to be residents of such State, and to make affidavit to that effect.

■ The question of domicile is a question of mixed law and fact. In Downs v. Downs, 23 App.D.C. 381, our Court of Appeals gave the greatest weight to the registration and voting in the State of Maryland of a party who sought relief as a resident of the District of Columbia in a divorce action, and concluded that such party was not a resident of the District of Columbia. In Rollings v. Rollings, 60 App.D.C. 305, 53 F.2d 917, much weight was given to the absentee voting in West Virginia of the parties to the divorce action in the District of Columbia, and the Court concluded that there was not the requisite residence in this jurisdiction. In Dennett v. Dennett, 63 App.D.C. 252, 71 F.2d 975, 976, the plaintiff in a divorce action was held to be a resident of the District of Columbia notwithstanding his registration as a voter in New Jersey, an episode which the Court commented on as "inconsistent with his residence here." In that case, the Court gave great weight to other factors which evidenced domicile.

■ In view of the foregoing, I am forced to the conclusion that, while the exercise of absentee registration and voting is strong evidence as to the domicile and legal residence of a party, it does not of itself so conclusively settle the issue of domicile that it can be said that there is no genuine issue as to that material fact. The motion for summary judgment on the cross-complaint is, therefore, denied, without prejudice, however, to the right to file appropriate motion for judgment at the final hearing.